RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AT 8:30  12-6-04 M
WILLIAM T. WALSH, CLERK

BARRY J. GAINEY,

        Plaintiff,

v.

BULLSEYE MEDIA, INC., SELECTIVE SHOPPER, INC.
ABC CORPORATIONS (1-10) and
JOHN DOES (1-20),

        Defendants.

DOCKET NO.: 04-5981 (DMC)

CIVIL ACTION

CLASS ACTION COMPLAINT
AND JURY DEMAND

## I. INTRODUCTION

1. Bullseye Media, Inc. ("Bullseye") a "technology and contract for internet" company and an advertising and/or marketing company, in the interest of pecuniary gain, deceptively and fraudulently informed computer users and/or consumers ("computer users" or "consumers"), via "pop-ups", e-mails and/or websites, that they had won free gifts and prizes ("the prize") including computers and flat screen monitors, coffee makers, and other items.

2. Selective-Shopper, Inc. ("Selective-Shopper") a "technology and contract for internet" company and an advertising and/or marketing company, in the interest of pecuniary gain, deceptively and fraudulently informed computer users, and /or consumers ("computer users" or "consumers") via "pop-ups", e-mails and/or websites, that they had won free gifts and prizes ("the prize"), including computers and flat screen monitors, coffee makers, and other items.

3. However, when the computer user took steps to receive their free gift or prize, the computer user was required to complete multiple "offers" from Bullseye, Selective-Shopper and/or other defendants ("defendants") which require several purchases and commitments ("offers"). Often times, the computer user is not advised that they have not really won the prize or that they have to

complete the offers to receive the prize they were told was free.

4. One of the requirements is that the e-mail recipient and/or the consumer participate in some surveys. However, the "surveys" require the recipient and/or consumer to purchase things and or make other commitments. A recipient is not allowed to decline all the offers in the survey and still receive his free gift or prize.

5. Even when the multiple offers are completed, and the purchases and commitments are made, the defendants advise the e-mail recipient that their status is "pending", which further delays or prevents receipt of the prize or gift.

6. Defendants' deceptive business tactics proximately caused computer users and consumers to sustain damages.

7. This class action seeks to advance public welfare and to avert further injury through issuance of an order restraining defendants' deceptive practice and through entry of a judgment for punitive and compensatory relief for harm suffered by Class members.

## II. PARTIES

8. Plaintiff and Class Representative Barry J. Gainey is a married individual residing in Bergen County, New Jersey. Barry J. Gainey is a victim of defendants' deceptive business scheme as detailed in this Complaint, Barry J. Gainey is willing, able, and herein seeks to serve as representative of the Class of like victims of defendants' deceptive practices.

9. Defendant Bullseye is a Pennsylvania business corporation having its headquarters and principal place of business at 213 Market Street, 3rd Floor, Harrisburg, Pennsylvania 17101 and/or P.O. Box 92, Millersburg, Pennsylvania and/or 2201 North Front Street, Harrisburg, Pennsylvania, 17110 and/or at other locations.

10. In the course of trade, advertising, promotions and/or commerce, Bullseye utilized fraudulent and deceptive schemes, including pop-up advertisement, e-mails and websites throughout the United States, including Bergen County, New Jersey.

11. Defendant Selective-Shopper, Inc. ("Selective-Shopper") is a New Jersey business corporation having its headquarters and principal place of business at 623 Eagle Rock Avenue, #137, West Orange, New Jersey 07052 and/or at other locations.

12. In the course of trade, advertising, promotions and/or commerce, Selective-Shopper utilized fraudulent and deceptive schemes, including pop-up advertisement, e-mails and websites throughout the United States, including Bergen County, New Jersey.

13. Defendant John Doe 1, the founder and/or CEO of Bullseye, and holder of more than 10% interest, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were their agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. He or she cannot hide behind the corporate liability shield, as the corporate veil should be pierced.

14. Defendant John Doe 2, CFO of Bullseye, and holder of more than 10% interest, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were there agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner, and/or gave substantial assistance or encouragement to other

defendants in carrying out all alleged activities. He or she cannot hide behind the corporate liability shield, as the corporate veil should be pierced.

15. Defendant John Doe 3, CEO of Selective-Shopper and holder of more than 10% interest, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were their agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. He or she cannot hide behind the corporate liability shield, as the corporate veil should be pierced.

16. Defendant John Doe 4, CFO of Selective-Shopper, and holder of more than 10% interest, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were their agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities. He or she cannot hide behind the corporate liability shield, as the corporate veil should be pierced.

17. Defendant Bullseye knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were their agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner, and/or gave substantial assistance

or encouragement to other defendants in carrying out all alleged activities.

18. Defendant Selective Shopper, knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were their agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner, and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities.

19. Defendants ABC CORPORATIONS (1-10) and JOHN DOES (5-20), are additional actors and/or co-conspirators of named defendants, including but not limited to, directors, officers, and employees of Bullseye, and/or Selective Shopper, including those with greater than 10% interest, its affiliates, parent or subsidiary corporations or other legal entities, and third party agents of and/or principals of named defendants. With respect to all allegations in this Complaint, one or more of the ABC Corporations and/or the John Does knowingly participated in, approved, cooperated in, directed, and/or had actual or constructive, knowledge of all activities alleged, acted in concert with all other named and unnamed defendants, and/or with others who were their agents and/or over whom they had control and/or were working with, pursuant to a common design with them, should have known if he or she exercised due care and/or acted in a reasonable manner and/or gave substantial assistance or encouragement to other defendants in carrying out all alleged activities.

20. One or more of the defendants profited through false pretense, false representation, and actual fraud, and willfully caused injury to the property interests and other interests of Class members.

21. Defendants use various domain names, e-mail addresses or identities, and/or computer identities to deceive the public and conceal their true identity, for pecuniary gain, in the hopes of not

being identified, prosecuted, or stopped.

## III. JURISDICTION AND VENUE

22. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a).

23. This Court has subject matter jurisdiction over this action.

24. Venue is proper in within the meaning of 28 U.S.C. 1391(a).

## IV. FACTS

25. Defendants are engaged in various advertising, marketing and/or other schemes through the Internet. In so doing, defendants utilize "pop-ups", polls, e-mails, websites and/or announcements advising consumers of the "free" gifts and prizes they have received as winners.

26. Some of the defendants' e-mails inform the recipient that they have been selected to receive free merchandise, including a computer, a flat screen monitor, or a Starbucks gourmet coffee maker.

27. None of the e-mails explains to the recipient that they will not receive the gift or prize for free but instead must complete multiple offers, which require purchases and/or other financial commitments.

28. Even when the multiple offers are completed, and the purchases and/or commitments are made, the defendants advise the e-mail recipient that their status is "pending", which further delays or prevents receipt of the prize or gift.

29. One of the requirements is that the e-mail recipient participate in some surveys. However, the "surveys" require the recipient to purchase things and or make other commitments. A recipient is not allowed to decline all the offers in the survey and still receive his free gift or prize.

30. A participant must complete multiple offers from Group A, B and C which require purchases and other commitments.

31. Even within those "offers", there are items and/or participation that are described as "free" and "no credit card required" but they actually are not free and do require credit card commitments.

32. When a participant has completed all three phases of the required surveys and purchases, he is offered "Bonus Gifts" courtesy of the defendants. These bonus gifts require further purchases and commitments.

33. Defendants deceived computer users into responding and purchasing things and making commitments by sending e-mails, and/or by the other acts described above, that fraudulently advised recipients that they were entitled to "Free" gifts and prizes and/or that they were "instant winners" of a prize, but then required users to respond and buy things and/or participate and/or make commitments.

34. The defendants are in direct violation of numerous Federal and State statutes and regulations, including, but not limited to, 16 CFR Part 251 et seq., N.J.S.A. 56:8-2.3, and other New Jersey Consumer Fraud Act sections and other New Jersey statutes.

35. As a proximate result of the defendants' intentional conduct and/or negligent conduct, plaintiff has suffered damages.

36. Additionally, defendants must be enjoined from continuing their fraudulent and deceptive advertising/marketing practices, and other actions described above.

## V. CLASS ACTION ALLEGATIONS

**Class Definition**

37. Plaintiff brings this case as a class action on behalf of himself and a Class of all others similarly situated. The members of the proposed Class are: All persons who have responded to one of the defendants' "pop-ups", received their e-mails, and/or were otherwise directed to and/or on

their website and were advised that they would receive a "free" item, gift or prize but when the persons took steps to receive their gift or prize, they were required to complete multiple "offers", or "surveys" which required several purchases and/or commitments. Excluded from the Class are defendants, its affiliates (including parents, subsidiaries, predecessors, successors, and any other entity or its affiliate which has a controlling interest), their current, former, and future employees, officers, directors, partners, members, indemnities, agents, attorneys and employees and its and their assigns and successors.

**Impracticable Joinder.**

39. The members of the Class are so numerous that their joinder is impracticable. Class members number in the tens of thousands or more. Further, the monetary value of Class members' claims are such that individual Class members, as a practical matter, cannot seek redress on an individual basis. Collective adjudication of claims represents the most efficient, and indeed, only viable means of seeking judicial redress against defendants.

**Risk of Inconsistent or Varying Adjudications.**

40. Prosecution of separate actions by Class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendants.

41. Adjudications by individual members of the Class would, as a practical matter, be potentially dispositive of the interests of other members of the Class and substantially impair or impede their ability to protect their interests. Class-wide adjudication of these claims, therefore, is appropriate.

42. Class Wide Injunctive/Declaratory Relief. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole, rendering class-wide adjudication of these claims appropriate.

**Common Questions of Law and Fact.**

43. Defendants have engaged in a uniform and common course of business misconduct toward members of the Class, giving rise to core disputed questions of law and questions of fact central to the claims of all Class members, rendering this matter appropriate for collective adjudication of Class member's claims.

44. Class members have a shared and well-defined community of interests in the questions of law and fact that affect each member of the Class. Core disputed questions of law and fact common to all members of the Class predominate over questions solely affecting individual Class members. Illustrative common questions of law and fact include, but are not limited to, each of the following:

45. Whether and which named and unnamed defendants carried out deceptive business acts described in this Complaint.

46. Whether defendants' policy and/or procedure concerning the subject advertising/marketing campaign includes unfair or deceptive acts or practices.

47. Whether the subject advertising/marketing campaign has a capacity to deceive, confuse and/or mislead a substantial portion of the public.

48. Whether defendants' deception of Class members was accompanied by an intent to deceive.

49. Whether this Court should enjoin defendants from these advertising/marketing schemes, policies and/or procedures.

50. Whether defendants' deception of Class members constitutes fraud.

51. Whether and which named and unnamed defendants, including officers and board members of Bullseye, Selective-Shopper, and other defendants participated in, approved, directed,

or ratified the deceptive business practices alleged in this Complaint.

52. Whether defendants' deceptive practices proximately caused legally cognizable harm.

53. Whether defendants have been unjustly enriched by their misconduct, warranting disgorgement of profits from defendants.

54. Whether defendants violated federal and state statutes and regulations, including 16 CFR Part 251, the New Jersey Consumer Fraud Act, and other statutes and/or regulations.

**Typicality.**

55. The claims of the named plaintiff arise from the same events and courses of conduct that give rise to the claims of other Class members. Plaintiff is a member of the Class and possesses the same legal interests and has suffered the same injury as other Class members. Plaintiff's claims are typical of the claims of the Class generally.

**Fair and Adequate Representation.**

56. Plaintiff will fairly and adequately represent and protect the interests of the Class.

**Superiority of Class Action Procedure.**

57. Absent class-wide adjudication, members of the Class are without effective recourse. Because of the relatively small monetary value of each individual Class member's claim, few, if any, Class members could afford to prosecute an individual action against any defendant. Absent class treatment, defendants' wrongdoing will go unabated, the ranks of Class members will continue to swell, and no Class member will be afforded opportunity to seek judicial relief, whether for themselves, or for the public good generally.

58. Certification of this matter, further, is appropriate under Rule 23, based on allegations described above.

## VI. CLAIMS

59. Pursuant to principles of notice pleading, plaintiff hereby alleges each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint. For purposes of illustration only, those causes of action and remedies at law or in equity include the following:

### COUNT ONE
### VIOLATIONS OF N.J.S.A. 56:8-2.3 ET SEQ. (CONSUMER FRAUD ACT)

60. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "59", inclusive with the same force and effect as though the same was more fully set forth at length herein.

61. The New Jersey Consumer Fraud Act (hereinafter "Act") states, in relevant part:

> **56:8-2.3. Notification to person that he has won prize and requiring him to perform act.**
>
> The notification to any person by any means, as a part of an advertising plan or scheme, that he has won a prize and requiring him to do any act, purchase any other item or submit to a sales promotion effort is an unlawful practice and a violation of the act to which this act is a supplement.

62. Defendants violated the Act by notifying plaintiff and class members that they won free gifts and prizes, including computers and flat screen monitors, coffee makers, and other items, but requiring him to complete multiple offers or surveys from the defendants, which require several purchases and commitments.

63. Without completing the multiple "offers" or "surveys", which require several purchases and commitments, plaintiff could not collect the free prizes and gifts he had won.

64. One of the requirements is that the e-mail recipient participate in some surveys. However, the "surveys" require the recipient to purchase things and or make other commitments. A recipient is not allowed to decline all the offers in the survey and still receive his free gift or prize.

65. Thus, defendants have violated the Act and have proximately caused the plaintiff to sustain damages, including treble damages and attorney fees.

## COUNT TWO

## VIOLATIONS OF N.J.S.A. 56:8-2 ET SEQ. (CONSUMER FRAUD ACT)

66. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "65", inclusive with the same force and effect as though the same was more fully set forth at length herein.

67. The New Jersey Consumer Fraud Act (hereinafter "Act") states, in relevant part:

> **56:8-2. Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice.**
>
> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice; provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, magazines, publications or printed matter wherein such advertisement appears, or to the owner or operator of a radio or television station which disseminates such advertisement when the owner, publisher, or operator has no knowledge of the intent, design or purpose of the advertiser.

68. Defendants violated the Act by initially concealing the fact that plaintiff was required to complete multiple "offers" in order to obtain his "free" gifts and prizes.

69. Without completing the multiple offers, plaintiff could not collect the prizes and gifts he had won.

70. One of the requirements is that the e-mail recipient participate in some surveys. However, the "surveys" require the recipient to purchase things and or make other commitments. A recipient is not allowed to decline all the offers in the survey and still receive his free gift or prize.

71. Thus, defendants have violated the Act and have proximately caused the plaintiff to sustain damages, including treble damages and attorney fees.

## COUNT THREE
## VIOLATIONS OF 16 CFR ET SEQ. (FTC GUIDE TO USE OF THE WORD "FREE")

72. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "71", inclusive with the same force and effect as though the same was more fully set forth at length herein.

73. 16 CFR Part 251 states, in relevant part:

> **§251.156:8-2. The Guide - (c) Disclosure of conditions.**
>
> When making "Free" or similar offers all the terms, conditions and obligations upon which receipt and retention of the "Free" item are contingent should be set forth clearly and conspicuously at the outset of the offer so as to leave no reasonable probability that the terms of the offer might be misunderstood. Stated differently, all of the terms, conditions and obligations should appear in close conjunction with the offer of "Free" merchandise or service. For example, disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, is not regarded as making disclosure at the outset. However, mere notice of the existence of a "Free" offer on the main

> display panel of a label or package is not precluded provided that (1) the notice does not constitute an offer or identify the item being offered "Free", (2) the notice informs the customer of the location, elsewhere on the package or label, where the disclosures required by this section may be found, (3) no purchase or other such material affirmative act is required in order to discover the terms and conditions of the offer, and (4) the notice and the offer are not otherwise deceptive.

74. Defendants violated the Act by initially concealing the fact that plaintiff was required to complete multiple offers in order to obtain his "free" gifts and prizes and requiring the plaintiff to make purchases, make other commitments, and take other material affirmative acts.

75. One of the requirements is that the e-mail recipient participate in some surveys. However, the "surveys" require the recipient to purchase things and or make other commitments. A recipient is not allowed to decline all the offers in the survey and still receive his free gift or prize.

76. The merchandise advertised and promised to plaintiff as being "free" was not "free" as defined by 16 CFR Part 251.1(b), and other applicable sections.

77. Thus, defendants have violated 16 CFR et. seq., and have proximately caused the plaintiff to sustain damages.

## COUNT FOUR
## DECEPTIVE BUSINESS PRACTICES

78. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "77", inclusive with the same force and effect as though the same was more fully set forth at length herein.

79. Defendants knowingly and with intent to induce consumers' reliance and/or negligently made false, unfair, deceptive, and misleading representations of fact in the form of advertising banners, pop-ups, e-mails, etc.

80. Defendants' deceptive business practice had a capacity to mislead and did, in fact, mislead plaintiff.

81. Defendants' unfair and deceptive acts and practice, made in trade and commerce, proximately caused injury to plaintiff.

## COUNT FIVE
## FRAUD/INTENTIONAL MISREPRESENTATION

82. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "81", inclusive with the same force and effect as though the same was more fully set forth at length herein.

83. Defendants knowingly and intentionally and/or negligently made false statements of existing material facts.

84. Defendants intended for plaintiff to rely on their material misrepresentations of fact.

85. Plaintiff reasonably and justifiably relied on defendants' material misrepresentations, unaware of the falsity of defendants' representations, and had a right to rely on those representations.

86. Plaintiff suffered damages as a result of relying on defendants' material misrepresentations of fact.

## COUNT SIX
## NEGLIGENCE

87. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "86", inclusive with the same force and effect as though the same was more fully set forth at length herein.

88. Defendants owed a duty to Class members to fully disclose the terms of their offer and not to describe it as winning and/or as "free".

89. Defendants breached that duty by failing to fully disclose the terms of the offer to the Class members and by misrepresenting to them.

90. Defendants breach of its duty proximately caused damage to the Class members.

91. Defendants breach of its duty actually caused damage to the Class members.

**WHEREFORE**, plaintiff has no complete, speedy, and adequate remedy at law with respect to the continuing fraud and misrepresentation perpetrated by defendants' continuing deceptive marketing and advertising practices. Plaintiff, and the general public, will suffer continuing, immediate, and irreparable injury absent injunctive, equitable and other relief by this Court.

**WHEREFORE**, plaintiff requests that this Court grant the following relief:

1. That this Court certify the proposed Class, or such other Classes or subclasses as the Court deems advisable, appoint named plaintiff as representative of the Class, appoint plaintiff's counsel as Class counsel, and provide for appropriate notice to the Class;

2. That this Court enter a final order enjoining defendants from continuing their improper, deceptive and/or misleading practices, policies, and procedures as described herein;

3. That this Court instruct defendants to direct all its employees, agents, and others who have been doing work for them to cease the business practices in question;

4. That this Court instruct defendants to clearly state in its e-mails, pop-ups, websites, and other places that gifts or prizes are only "free" after offers and surveys are completed that require purchases and/or other commitments;

5. That this Court award punitive damages against defendants, jointly and severally, in favor of plaintiffs and class members as the Court deems appropriate in order to punish defendants for their conduct and deter like conduct by others;

6. That this Court award compensatory damages, jointly and severally, in favor of the plaintiff;

7. That this Court award such other compensatory damages as is supported by the evidence adduced at trial;

8. That this Court award plaintiff's attorneys' fees and costs of suit as provided by applicable law including the New Jersey Consumer Fraud Act and the Federal regulations; and

9. That this Court award treble damages as provided by applicable law, including the Consumer Fraud Act;

10. That this Court grant such other relief as may be deemed just and equitable, including disgorgement of profits or financial gain resulting from defendants' wrongful conduct.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: December 2, 2004

> GAINEY & McKENNA
> Attorneys for Plaintiff(s)
>
> PETER J. LAMONT (PJL-1661)
> 666 Godwin Avenue, Suite 230
> Midland Park, New Jersey 07432
> (201) 689-9000
> File No.: 170.112